UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 21-131-DLB

CLAYTON ABLE                                                                                        PLAINTIFF

v.                      **MEMORANDUM OPINION AND ORDER**

RENAE HARDEN and KAREN TOMBLIM                      DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Clayton Able is a resident of Cincinnati, Ohio. Able has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. # 1). The Court has granted his motion to proceed *in forma pauperis* by separate Order. The Court must review the Complaint prior to service of process and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage, the Court accepts all non-conclusory factual allegations in the Complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Able indicates that on May 19, 2010, Defendant Renae Harden (a social service worker for the Kentucky Cabinet for Health and Family Services ("CHFS") in Lancaster, Kentucky) and Jamie Hisel came to his home to see Cathy Martin, the mother of his child. Able asserts that Harden was disrespectful and combative with him during the encounter. The two women left his property, but several hours later called Ms. Martin and told her to come to their office to take a drug test. Able drove Ms. Martin to the office, but upon his

1

arrival a sheriff insisted that he submit to a field sobriety test based upon a report that Able was driving under the influence of alcohol. Able complied, but indicates that after Ms. Martin had completed her drug test, Harden and Defendant Karen Tomblim stated that they would not permit Martin or her child to leave the office unless Able submitted to a drug test. An altercation between Able and Tomblim and Harden ensued, and the sheriff ordered Able to leave the property. Able contends that Tomblim and Harden effectively kidnapped his child in violation of his rights under the Fourth and Fourteenth Amendments. (Docs. # 1 at 2-4 and 1-1 at 1-2).

The Court will dismiss the Complaint because Able's claims are barred by the statute of limitations. A claim plainly barred by the applicable limitations period may be dismissed upon initial screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Norman v. Granson*, No. 18-4232, 2020 WL 3240900, at *2 (6th Cir. Mar. 25, 2020) ("Where a statute of limitations defect is obvious from the face of the complaint, sua sponte dismissal is appropriate." (*citing Haskell v. Washington Township*, 864 F. 2d 1266, 1273 (6th Cir. 1988); *Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002))).

Because 42 U.S.C. § 1983 does not provide its own limitations period, federal courts apply the most analogous statute of limitations from the state where the events occurred. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012). The events about which Able now complains occurred in Kentucky; therefore, Kentucky's one-year statute of limitations for asserting personal injuries applies. Ky. Rev. Stat. § 413.140(1)(a); *Bonner v. Perry*, 564 F.3d 424, 431 (6th Cir. 2009). Able's claims accrued on May 19, 2010, the

2

date when he "[knew or had] reason to know of the injury which is the basis of his action." *Johnson v. Memphis Light Gas & Water Div.*, 777 F. 3d 838, 843 (6th Cir. 2015); *Michel v. City of Akron*, 278 F. App'x 477, 479-80 (6th Cir. 2008) (holding that a Fourth Amendment claim under § 1983 begins to run at the time of the search or seizure). Able was therefore required to file suit within one year. Because more than a decade has passed since the events about which he now complains, his claims are time-barred and must be dismissed. Accordingly,

    **IT IS ORDERED** as follows:

    (1)    Able's Complaint (Doc. # 1) is **DISMISSED WITH PREJUDICE**;

    (2)    The Court will enter an appropriate judgment; and

    (3)    This matter is **STRICKEN** from the docket.

This 28th day of May, 2021.



Signed By:
*David L. Bunning* DB
United States District Judge

J:\DATA\ORDERS\PSO Orders\5-21-131 Memorandum.docx